IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD HILL,

       Plaintiff,

vs.

GLOBE LIFE and ACCIDENT INSURANCE COMPANY, BILL E. LEAVELL, LARRY M. HUTCHINSON, and GARY L. COLEMAN,

       Defendants.

4:20CV3012

MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motions to dismiss, Filing Nos. 24 and 28.[1] This is an action for breach of contract and breach of the duty of good faith and fair dealing in connection with a life insurance policy. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

I.    BACKGROUND

In his *pro se* amended complaint, Hill essentially alleges wrongful denial of a life insurance claim under a policy issued to his wife, now deceased. Defendant Globe Life and Accident Insurance Company ("Globe") moves to dismiss for lack of subject matter jurisdiction, arguing that complete diversity between the parties does not exist. Defendants Bill E. Leavell, Larry M. Hutchinson, And Gary L. Coleman ("the individual

---

[1] Also pending are the defendants' motions to strike the plaintiff's response to its motion and to strike an attachment, Filing Nos. 34 and 38. In his response to defendants' motions, Hill submits a "Memoranda" referring to a consent decree between the New York State Department of Financial Services and Globe Life Insurance Company of New York involving business practices similar to those alleged in this case. He alludes to the Racketeering Influenced and Corrupt Organizations Act ("RICO") and to the referenced consent. Filing No. 31, Memoranda; Filing No. 17-1, Consent Order. The Court has reviewed the documents and find they are largely irrelevant. The submission does not cure the jurisdictional defects discussed herein. Accordingly, the motions to strike will be dismissed as moot.

1

defendants") join in that motion and also move for dismissal for lack of personal jurisdiction and for failure to state a claim.

Hill alleges that he resides in and is a resident of Nebraska and that defendant Globe Life "was a Company or Corporation in the State of Texas. Globe Life's official corporate headquarters is in McKinney, Texas.  This is their principal place of business. The corporate executive offices maintain and run the day to day operations out of this office." Filing No. 22, Amended Complaint at 1.  There are no allegations about Globe's place of incorporation.

In support of its motion, Globe has submitted evidence showing that from November 2007 to the present date, Globe has been incorporated in the State of Nebraska.   Filing No. 29-1, Affidavit of Blythe R. Bradley at 1; Ex. A, Articles of Incorporation.   Further, Globe has shown that its principal place of business is in McKinney, Texas, and the corporate officers for the company maintain their offices and run the day-to-day operations there.   *Id.*, Bradley Aff. at 2.  Hill has not refuted that showing.

II.   LAW

When reviewing a *pro se* complaint, the Court must give it the benefit of a liberal construction.   *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.   *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir.

1980); see also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Subject matter jurisdiction is a threshold issue for this Court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006); V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). "[I]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomas v. Gaskill, 315 U.S. 442, 446 (1942).

A complaint can be challenged for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. In a factual attack on the jurisdictional allegations of the complaint,

however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.  *Id.*

Under 28 U.S.C. § 1332, the district courts "shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1); "Diversity jurisdiction "requires . . . complete diversity of citizenship among the litigants.'" *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Borchert*, 486 F.3d at 346; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("Diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.")  Statutes conferring diversity jurisdiction upon the federal courts are to be strictly construed.  *Owen Equip.*, 437 U.S. at 377.

"For purposes of establishing diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *Borchert*, 486 F.3d at 346 (quoting  28 U.S.C. § 1332(c)(1)); *see also GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).  The phrase "principal place of business" refers to the corporation's "nerve center" where the corporation's high-level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

4

III. DISCUSSION

Globe has shown that it has been incorporated in the State of Nebraska since 2007 and has its principal place of business in Texas. Therefore, Globe Life is a citizen of both Nebraska and Texas for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). The plaintiff has not met his burden to plead the citizenship of the parties and to invoke diversity jurisdiction under § 1332. But even if he had so alleged, the defendants have shown that there are Nebraska residents on both sides of the case, meaning that the required complete diversity of parties is lacking. Also, there are no allegations of any federal question in Hill's amended complaint, and a vague allusion to RICO in his responsive submission is not sufficient to confer jurisdiction on this Court.

The Court need not address the issues of personal jurisdiction over the individual defendants or whether the facts alleged in the amended complaint are sufficient to state a claim against them because the court does not have subject matter jurisdiction over such claims without complete diversity of citizenship between the parties. Accordingly,

IT IS ORDERED that:

1. Defendants' motions to dismiss (Filing Nos. 24 and 27) are granted.
2. Defendants' motions to strike (Filing Nos. 34 and 38) are denied as moot.
3. A judgment of dismissal will be entered.

Dated this 28th day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge